IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ELLEN SIMES,<br><br>Plaintiff,<br>v.<br>DRUG STORES II LLC d/b/a INNOVO SPECIALTY COMPOUNDING SOLUTIONS,<br><br>Defendant. | D. Mass. Civil Action No. 14 -30215( )<br><br>**ANSWER AND AFFIRMATIVE DEFENSES**<br><br>**JURY TRIAL DEMANDED** |

Defendant Drug Stores II LLC d/b/a Innovo Specialty Compounding Solutions ("Defendant"), by and through its attorneys, Raipher D. Pellegrino Associates, P.C. and Herrick, Feinstein LLP, by way of Answer to the Complaint by plaintiff Ellen Simes ("Plaintiff"), states as follows:

## AS TO INTRODUCTION

1. Defendant denies the allegations contained in paragraph 1 of the Complaint.

## AS TO THE PARTIES

2. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 2 of the Complaint.

3. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3 of the Complaint.

4. Defendant admits the allegations contained in paragraph 4 of the Complaint.

5. Defendant admits the allegations contained in paragraph 5 of the Complaint.

6. Defendant admits the allegations contained in paragraph 6 of the Complaint.

7. Defendant admits the allegations contained in paragraph 7 of the Complaint.

8. Defendant admits the allegations contained in paragraph 8 of the Complaint insofar as Allison Glessner previously was employed by Defendant.

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 9 of the Complaint.

## AS TO ALLEGATIONS THAT "INNOVO COMMISSIONED INSTRUCTIONAL WORKSHOPS FROM MS. SIMES TO TRAIN ITS NEW SALESFORCE"

10. Defendant denies the allegations contained in paragraph 10 of the Complaint.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 11 of the Complaint.

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 12 of the Complaint.

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 13 of the Complaint.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 14 of the Complaint.

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 15 of the Complaint.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 16 of the Complaint.

17. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in paragraph 20 of the Complaint.

21. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in paragraph 27 of the Complaint.

### AS TO ALLEGATIONS THAT "MS. SIMES PROVIDED THE INSTRUCTIONAL WORKSHOPS TO INNOVO AND INNOVO USED THEM TO TRAIN ITS SALESFORCE"

28. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 28 of the Complaint.

29. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 29 of the Complaint.

30. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 30 of the Complaint.

31. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 31 of the Complaint.

32. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 32 of the Complaint.

33. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in paragraph 34 of the Complaint.

35. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 35 of the Complaint.

36. Defendant denies the allegations contained in paragraph 36 of the Complaint.

37. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 37 of the Complaint.

38. Defendant denies the allegations contained in paragraph 38 of the Complaint.

39. Defendant denies the allegations contained in paragraph 39 of the Complaint.

### AS TO ALLEGATIONS THAT "INNOVO STRUNG MS. SIMES ALONG"

40. Defendant denies the allegations contained in paragraph 40 of the Complaint.

41. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 41 of the Complaint.

42. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 42 of the Complaint.

43. Defendant denies the allegations contained in paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in paragraph 44 of the Complaint.

45. Defendant denies the allegations contained in paragraph 45 of the Complaint.

46. Defendant denies the allegations contained in paragraph 46 of the Complaint.

47. Defendant denies the allegations contained in paragraph 47 of the Complaint.

48. Defendant denies the allegations contained in paragraph 48 of the Complaint.

49. Defendant denies the allegations contained in paragraph 49 of the Complaint.

50. Defendant denies the allegations contained in paragraph 50 of the Complaint.

51. Defendant denies the allegations contained in paragraph 51 of the Complaint.

52. Defendant denies the allegations contained in paragraph 52 of the Complaint.

53. Defendant denies the allegations contained in paragraph 53 of the Complaint.

54. Defendant denies the allegations contained in paragraph 54 of the Complaint.

55. Defendant denies the allegations contained in paragraph 55 of the Complaint.

56. Defendant admits that Plaintiff received a certain payment, but denies the remaining allegations contained in paragraph 56 of the Complaint.

57. Defendant admits that Plaintiff received a certain payment, but denies the remaining allegations contained in paragraph 57 of the Complaint.

58. Defendant denies the allegations contained in paragraph 58 of the Complaint, except admits that Plaintiff is not entitled to receive any monies for the specified items.

59. Defendant denies the allegations contained in paragraph 59 of the Complaint, except admits that Plaintiff is not entitled to receive any monies for the specified items.

60. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 60 of the Complaint.

61. Defendant denies the allegations contained in paragraph 61 of the Complaint.

62. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 62 of the Complaint.

63. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 63 of the Complaint.

### AS TO ALLEGATIONS THAT "INNOVO CONTINUED ITS ATTEMPT TO GET MS. SIMES'S WORK FOR NOTHING OR AT A REDUCED PRICE BY FALSE DENYING THAT IT ORDERED, RECEIVED OR USED THE INSTRUCTIONAL WORKSHOPS"

64. Defendant admits the receipt of a letter from Plaintiff's counsel dated September 19, 2014, but denies the remaining allegations contained in paragraph 64 of the Complaint, including the substance of any allegations contained in the September 19, 2014 letter.

65.   Defendant admits that the September 19, 2014 letter claimed that its acts were unfair, deceptive, and in violation of M.G.L. c. 93A, but denies that its acts were as claimed.

66.   Defendant admits the allegations contained in paragraph 66 of the Complaint.

67.   Defendant admits the allegations contained in paragraph 67 of the Complaint.

68.   Defendant admits the allegations contained in paragraph 68 of the Complaint.

69.   Defendant denies the allegations contained in paragraph 69 of the Complaint.

70.   Paragraph 70 purports to characterize the September 29, 2014 letter, and Defendant respectfully refers the Court to the letter itself for its contents.

71.   Paragraph 71 purports to characterize the September 29, 2014 letter, and Defendant respectfully refers the Court to the letter itself for its contents.

72.   Defendant denies the allegations contained in paragraph 72 of the Complaint.

73.   Defendant neither admits nor the allegations contained in paragraph 73 of the Complaint, as same are vague and ambiguous. Alternatively, Defendant denies such allegations and leaves Plaintiff to its proofs as to same.

74.   Defendant denies the allegations contained in paragraph 74 of the Complaint.

75.   Defendant denies the allegations contained in paragraph 75 of the Complaint. In particular, Innovo avers that certain files/emails relating to Kimberly Hanson are not within the custody, possession or control of Innovo.

76.   Paragraph 76 purports to characterize the September 29, 2014 letter, and Defendant respectfully refers the Court to the letter itself for its contents.

77.   Defendant denies the allegations contained in paragraph 77 of the Complaint.

78.   Defendant denies the allegations contained in paragraph 78 of the Complaint.

79. Paragraph 79 purports to characterize the September 29, 2014 letter, and Defendant respectfully refers the Court to the letter itself for its contents.

80. Defendant denies the allegations contained in paragraph 80 of the Complaint.

81. Paragraph 81 purports to characterize the September 29, 2014 letter, and Defendant respectfully refers the Court to the letter itself for its contents.

82. Defendant denies the allegations contained in paragraph 82 of the Complaint.

83. Defendant denies the allegations contained in paragraph 83 of the Complaint.

84. Defendant denies the allegations contained in paragraph 84 of the Complaint.

85. Defendant denies the allegations contained in paragraph 85 of the Complaint.

86. Defendant denies the allegations contained in paragraph 86 of the Complaint.

87. Paragraph 87 purports to characterize the September 29, 2014 letter, and Defendant respectfully refers the Court to the letter itself for its contents.

88. Paragraph 88 purports to characterize the September 29, 2014 letter, and Defendant respectfully refers the Court to the letter itself for its contents.

89. Defendant denies the allegations contained in paragraph 89 of the Complaint.

90. Defendant denies the allegations contained in paragraph 90 of the Complaint.

91. Defendant denies the allegations contained in paragraph 91 of the Complaint.

92. Defendant denies the allegations contained in paragraph 92 of the Complaint.

93. Defendant denies the allegations contained in paragraph 93 of the Complaint.

## AS TO COUNT ONE
### (Breach of Contract)

94. Defendant repeats and realleges its responses to the allegations contained in paragraphs 1 through 93 of the Complaint, as if fully set forth at length herein.

95. Defendant denies the allegations contained in paragraph 95 of the Complaint.

96. Defendant denies the allegations contained in paragraph 96 of the Complaint.

## AS TO COUNT TWO
### (Quantum Meruit/Unjust Enrichment)

97. Defendant repeats and realleges its responses to the allegations contained in paragraphs 1 through 96 of the Complaint, as if fully set forth at length herein.

98. Defendant denies the allegations contained in paragraph 98 of the Complaint.

99. Defendant denies the allegations contained in paragraph 99 of the Complaint.

100. Defendant denies the allegations contained in paragraph 100 of the Complaint.

## AS TO COUNT THREE
### (Promissory Estoppel)

101. Defendant repeats and realleges its responses to the allegations contained in paragraphs 1 through 100 of the Complaint, as if fully set forth at length herein.

102. Defendant denies the allegations contained in paragraph 102 of the Complaint.

103. Defendant denies the allegations contained in paragraph 103 of the Complaint.

104. Defendant denies the allegations contained in paragraph 104 of the Complaint.

## AS TO COUNT FOUR
### (M.G.L. c. 93A)

105. Defendant repeats and realleges its responses to the allegations contained in paragraphs 1 through 104 of the Complaint, as if fully set forth at length herein.

106. Defendant denies the allegations contained in paragraph 106 of the Complaint.

107. Defendant denies the allegations contained in paragraph 107 of the Complaint.

108. Defendant denies the allegations contained in paragraph 108 of the Complaint.

# AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims and rights, if any, against Defendant are barred, in whole or in part, by reason of this Court's lack of personal jurisdiction over Defendant.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims and rights, if any, against Defendant are barred, in whole or in part, because venue is not properly vested in this Court.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims and rights, if any, against Defendant are barred, in whole or in part, because venue of this matter should be transferred to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1404 and/or 28 U.S.C. § 1406, and Defendant hereby expressly reserves its right to move for such a transfer of venue.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each claim for relief alleged therein, fails to state a claim upon which relief can be granted.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims and rights, if any, against Defendant are barred, in whole or in part, because Plaintiff has failed to state its allegations with the requisite specificity.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims and rights, if any, against Defendant are barred, in whole or in part, because Kimberly Hanson lacked the requisite authority to bind Defendant and/or to act on Defendant's behalf.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and rights, if any, against Defendant are barred, in whole or in part, by the applicable Statute of Frauds.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claim for breach of contract fails to state facts sufficient to constitute a cause of action because, among other things, the allegations that Defendant breached a contract or agreement with Plaintiff are false. Defendant owed Plaintiff no contractual duty that Defendant failed to fulfill. Defendant has not breached any contract or agreement that it either has or may have had with Plaintiff.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claim for breach of contract fails to state facts sufficient to constitute a cause of action because, among other things, Plaintiff did not comply with its own obligations under the alleged "agreement(s)" in question, and Defendant has been damaged as a result of Plaintiff's breaches of its obligations.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for unjust enrichment fails to state facts sufficient to constitute a cause of action because, among other things, the allegations contained in Plaintiff's Complaint are false. Defendant has not improperly utilized any materials belonging to Plaintiff and thus has not been unjustly enriched.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for promissory estoppel fails to state facts sufficient to constitute a cause of action because, among other things, Defendant did not make promises or other statements to Plaintiff on which Plaintiff could possibly have relied to her detriment. Upon information and

belief, Plaintiff knew that Kimberly Hanson lacked the requisite authority to bind and/or to otherwise act on behalf of Defendant. Plaintiff did not justifiably rely on any statement or action by Defendant, nor has Plaintiff suffered any detriment.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claim under Massachusetts General Laws Chapter 93A ("Chapter 93A") fails to state facts sufficient to constitute a cause of action because, among other things: (i) any alleged actions or inactions by Defendant did not primarily and substantially occur within the Commonwealth of Massachusetts (see M.G.L. c. 93A. § 11); (ii) Defendant has not engaged in any extortionate conduct with respect to Plaintiff, and Plaintiff's allegations of breach of contract do not suffice to give rise to liability under Chapter 93A; (iii) Plaintiff's interactions with Kimberly Hanson do not involve "a person engaged in trade or commerce and another person engaged in trade or commerce, such that they were acting in a 'business context'" (Milliken & Co. v. Duro Textiles, LLC, 451 Mass. 547, 563, 887 N.E.2d 244, 259 (2008)).

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and rights, if any, against Defendant are barred, in whole or in part, by the doctrines of waiver, estoppel and/or laches.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and rights, if any, against Defendant are barred, in whole or in part, by a failure of consideration and/or by accord and satisfaction.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and rights, if any, against Defendant are barred, in whole or in part, by the doctrine of unclean hands.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and rights, if any, against Defendant are barred, in whole or in part, because Plaintiff has suffered no damages.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and rights, if any, against Defendant are barred, in whole or in part, because Plaintiff failed to act reasonably to mitigate, minimize or avoid the damages allegedly incurred, if any, and therefore any recovery must be reduced in whole or in part.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant denies that any acts or omissions on its part proximately caused Plaintiff damages.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and rights, if any, against Defendant are barred, in whole or in part, by the applicable statute of limitations.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims and rights, if any, against Defendant are barred, in whole or in part, by the economic loss doctrine.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendant has a right of set-off against sums claimed in Plaintiff's Complaint.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims and rights, if any, against Defendant are barred, in whole or in part, by Plaintiff's breach of the duty of good faith and fair dealing.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks equitable relief, Plaintiff is not entitled to such relief because the injury allegedly suffered by Plaintiff, if any, would be adequately covered by an action at law for damages.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action for multiple and/or punitive damages against Defendant. To the extent that Plaintiff seeks multiple and/or punitive damages, any such relief would violate statutory limitations on damages. Without in any way admitting that any of the conduct alleged in Plaintiff's Complaint occurred or is in any way unlawful, Defendant asserts that Plaintiff cannot show, by clear and convincing evidence, that any alleged harm suffered was the result of Defendant's alleged conduct or that such alleged conduct was actuated by actual malice or accompanied by a wanton and willful disregard of persons who foreseeably might be harmed by such conduct. Further, any award of multiple or punitive damages would violate Defendant's rights under the Fourteenth Amendment to the United States Constitution and under the New Jersey State Constitution.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendant hereby gives notice that it intends to rely upon such other and further defenses as they are discovered or otherwise become available and reserves its rights to amend its Answer and assert such defenses.

**WHEREFORE**, Defendant demands judgment (i) dismissing the Complaint in its entirety; and (ii) granting such other and further relief as is just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(d), IFF hereby demands a trial by jury on all issues so triable.

Dated: December 23, 2014

Respectfully Submitted,
the Defendant,
DRUG STORES II LLC d/b/a INNOVO
SPECIALTY COMPOUNDING SOLUTIONS

/s Raipher D. Pellegrino
Raipher D. Pellegrino, Esq., BBO#560614
Edward Prisby, Esq., BBO# 655217
Raipher D. Pellegrino Associates, P.C.
265 State Street
Springfield, MA 01103
rdp@rdpalaw.com
eap@rdpalaw.com

CERTIFICATE OF SERVICE

I certify that this document filed with the ECF System will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Francis D. Dibble, Jr.
Jennifer K. Cannon, Esq.
Bulkley, Richardson and Gelinas, LLP
1500 Main Street, Suite 2700
Springfield, Massachusetts 01115

/s/Raipher D. Pellegrino