UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Case No. 3:14-cv-30215 MGM

| | |
|---|---|
| Ellen Simes ) | |
|     Plaintiff ) | |
| ) | PLAINTIFF'S OPPOSITION TO |
| v. ) | MOTION TO TRANSFER VENUE |
| ) | |
| Drug Stores II LLC d/b/a Innovo Specialty ) | |
| Compounding Solutions, ) | |
|     Defendant ) | |

## I.  Background

In the fall of 2013, defendant Drug Stores II LLC d/b/a Innovo Specialty Compounding Solutions ("Innovo") contacted plaintiff Ellen Simes, of Springfield, Massachusetts, and asked her to create training workshops for its salespeople for an agreed total price of $493,125. Complaint, ¶¶ 20, 22, 24 & 26.  Over the course of several months, Ms. Simes, with the help of subcontractors, created and provided the requested workshops to Innovo.  Complaint, ¶¶ 29 & 38.  Innovo received and used the materials created by Ms. Simes (Complaint, ¶¶ 34-39) but only paid Ms. Simes $58,125.22.  Complaint, ¶¶ 56 & 57.  Rather than pay the amount owed, Innovo responded to Ms. Simes's good faith request for payment with a letter to Ms. Simes in Massachusetts containing false statements, innuendo and threats.  Complaint, ¶ 69.

On November 26, 2014, Ms. Simes filed this action in Massachusetts state court seeking the over $400,000 owed to her by Innovo and seeking damages for Innovo's false and deceptive acts.  The case was removed to this Court by Defendant.  Now, Innovo asks this Court to transfer this case to the District of New Jersey under 28 U.S.C. §1404(a).  Innovo's motion should be denied because Innovo cannot meet its burden of overcoming the strong presumption in favor of the plaintiff's choice of forum.  Transfer would only serve to shift the cost of litigating out-of-

state from Innovo, a company with employees in seven states, to Ms. Simes, an individual who has already provided valuable work to Innovo and to whom Innovo owes over $400,000.  As described below, transfer would not promote the convenience of the identified potential non-party witnesses (three out of five of whom are based in Massachusetts) or the interests of justice.

**II.     Argument**

In evaluating a defendant's motion to transfer venue, the court must balance several factors.  *See Boateng v. General Dynamics Corp.*, 460 F. Supp. 2d 270, 275 (D. Mass. 2006).  A strong presumption exists in favor of a plaintiff's choice of forum, which is entitled to great weight.  *See Gemini Investors Inc. v. Ameripark, Inc.*, 542 F. Supp. 2d 119, 126 (D. Mass. 2008); *Boateng*, 460 F. Supp. 2d at 275, citing *Princess House Inc. v. Linsey*, 136 F.R.D. 16, 18 (D. Mass. 1991) and *Fairview Mach. & Tool Co., Inc. v. Oakbrook Int'l Inc.*, 56 F. Supp. 2d 134, 141 (D. Mass. 1991).  *See also Astro-Med Inc. v. Nihon Kohden America, Inc.*, 591 F.3d 1, 13 (1st Cir. 2009).  Other factors to be considered are convenience of the parties, convenience of the witnesses, availability of documents and the interests of justice.  *See Gemini Investors Inc.*, 542 F. Supp. 2d at 126; *Boateng*, 460 F. Supp. 2d at 275.  The burden of showing that a transfer is warranted rests with the defendant.  *See Astro-Med Inc.*, 591 F.3d at 13.  *See also Gemini Investors Inc.*, 542 F. Supp. 2d at 126; *Boateng*, 460 F. Supp. 2d at 275, citing *Princess House Inc.*, 136 F.R.D. at 18 and *Fairview Mach. & Tool Co., Inc.*, 56 F. Supp. 2d at 141.  Innovo has not met its burden.

**A. Defendant's Inconvenience in Litigating in Massachusetts Does Not Outweigh the Inconvenience and Expense for Plaintiff of Litigating in New Jersey.**

Transfer of this case to New Jersey would merely shift the inconvenience of litigating out-of-state to Ms. Simes, the party less capable of bearing it.  "'The presumption in favor of a plaintiff's choice of forum renders transfer inappropriate where its effect is merely to shift the

inconvenience from one party to the other.'" *Boateng*, 460 F. Supp. 2d at 275, quoting *Sigros v. Walt Disney Co.*, 129 F. Supp. 2d 56, 71 (D.Mass. 2001). "Further, 'the balance of convenience focuses on the comparative financial abilities of the parties and the cost of litigation should be borne by the party in the best position to absorb and spread it.'" *Id. See also Sivert*, 2009 WL 3300031 at *3; *Kleinerman v. Luxtron Corp.*, 107 F. Supp. 2d 122, 125 (D. Mass. 2000).

Although Innovo's Chief Operating Officer, Piushbai Patel, asserts that "prosecution of this matter in Massachusetts would impose substantial hardship on Innovo" (Patel Declaration, ¶ 8), Innovo has not demonstrated that the inconvenience to it would be greater than the inconvenience to Ms. Simes or that Innovo is not better able to bear the cost of litigation. *See Sivert v. Harsco Corp.*, 2009 WL 3300031, *3 (D. Mass. 2009) (refusing to transfer venue where defendant failed to show the plaintiff was better situated to absorb and spread the costs of litigation). Innovo is a limited liability company with 72 employees located in seven states. Patel Declaration, ¶ 4 and n. 1. Ms. Simes, on the other hand, is an individual working and residing in Springfield, Massachusetts. Simes Declaration, ¶¶ 3 & 4. If this case were transferred to New Jersey, Ms. Simes would bear the expenses of hiring counsel in New Jersey and of traveling to and from that state. Innovo is better able to bear the expense of hiring out-of-state counsel and traveling between New Jersey and Massachusetts than is Ms. Simes. Transfer is, therefore, inappropriate. *See Sivert*, 2009 WL 3300031 at *3 (holding that convenience of the parties factor did not weigh in favor of transfer where transfer would force plaintiff, an individual residing in Massachusetts, to bear the cost of hiring counsel in North Carolina and traveling to and from that state); *Kleinerman*, 107 F.Supp. 2d at 125 (transfer inappropriate where costs to plaintiff, an individual, of litigating out-of-state "[might] become prohibitive to [the plaintiff], thereby denying him his right to pursue a judicial remedy"). In *Kleinerman*, the

court held that "[e]ven if it were to cost [defendant corporation] more to defend this suit in Massachusetts than it would cost [the individual plaintiff] to defend in California, the relative financial strengths of the parties instructs against transfer." *Kleinerman*, 107 F. Supp.2d at 125.

The inappropriateness of transfer is exacerbated in this case where Ms. Simes' financial situation has already been considerably imperiled by Innovo's wrongful conduct. Complaint ¶ 93. *See Galonis v. National Broadcasting Co., Inc.*, 498 F.Supp. 789, 793 (D. N.H. 1980) (denying defendant's motion to transfer venue; "The court may give increased weight [to the comparative financial strength of the parties] if a financially superior defendant through the actions complained of has contributed to the financial difficulties of a plaintiff."). Here, Ms. Simes hired subcontractors and worked for months to provide training materials worth nearly $500,000 to Innovo and, over a year later, is still owed over $400,000 by Innovo.

### B. Innovo Has Not Shown that the Inconvenience of Potential Witnesses Favors Transfer to New Jersey.

The convenience of the witnesses is the most important factor to be considered by the court. *See Boateng*, 460 F. Supp. 2d at 275, quoting *Princess House, Inc. v. Lindsey*, 136 F.R.D. 16, 18 (D. Mass. 1991). In considering the convenience of the witnesses, "the court looks at 'the number of potential witnesses located in both the transferor and the transferee district, the nature and quality of their testimony, and whether the witnesses can be compelled to testify.'" *Boateng*, 460 F. Supp. 2d at 275, quoting *Princess House, Inc. v. Lindsey*, 136 F.R.D. 16, 18 (D. Mass. 1991). There is a preference for live testimony over videotaped testimony. *See Kleinerman v. Luxtron Corp.*, 107 F.Supp. 2d 122, 125 (Dist. Mass. 2000). "[I]f 'the persuasion of an employer who is a party to the action can secure the appearance of witnesses regardless of the location of forum, [the convenience of witnesses factor] diminishes in importance.'" *Boateng*, 460 F. Supp. 2d at 276, quoting *Sigros v. Walt Disney World Co.*, 129 F. Supp. 2d 56, 71 (D. Mass. 2001).

Here, Innovo has identified four potential witnesses: its Chief Operating Officer, its Managing Director, its Director of Human Resources and its former National Sales Director. Patel Declaration, ¶ 6; Defendant's Memo., p. 5. Innovo's Chief Operating Officer, Managing Director and Director of Human Resources, as officers and employees of the company, can be expected to testify in Massachusetts without the necessity of being subpoenaed. *See id.*

On the other hand, Ms. Simes has identified three Massachusetts-based witnesses that she may call at trial. One of the witnesses is a subcontractor retained by Ms. Simes to work on the training materials created for Innovo. The subcontractor has knowledge of the amount, quality and value of the work performed as well as the amounts Ms. Simes paid her for her work. Simes Declaration, ¶¶ 6 & 8. Ms. Simes also expects to call the Chief Executive Officer and a business developer of Custom Learning Designs, a Massachusetts-based company that provides pharmaceutical, biotech and medical device training materials. Ms. Simes referred Innovo to Custom Learning Designs for the drafting of clinical modules needed by Innovo. The two employees of Custom Learning Designs have knowledge of Innovo's actions, through Kimberly Hanson, to retain the services of Custom Learning Designs. Simes Declaration, ¶¶ 6 & 7. This information is relevant to Innovo's claim that Ms. Hanson, Innovo's then National Sales Director, did not have the authority to enter into agreements for training materials on behalf of Innovo. None of the Massachusetts-based individuals is employed by Ms. Simes, and, as a result, there is no certainty that Ms. Simes will be able to convince them to testify voluntarily in New Jersey. There is, therefore, a risk that transfer of this case to New Jersey would result in three witnesses whose testimony would be provided by videotape. The potential increase in videotaped testimony weighs against transfer. *See, e.g.*, *Kleinerman*, 107 F. Supp. 2d at 126.

Innovo argues that because there is a preference for live testimony over videotaped testimony and, according to Innovo's information and belief, Kimberly Hanson, Innovo's former National Sales Director, resides outside of the subpoena power of this Court, the convenience of the witnesses factor weighs in favor of transfer to New Jersey, where, according to Innovo, on information and belief, Ms. Hanson can be compelled to testify. Innovo's argument ignores the existence of potential Massachusetts-based witnesses (three of the five identified potential non-party witnesses). In addition, it is not sufficient for a defendant to allege that a non-party witness will be outside of the subpoena power of the court. Rather, defendants must make some showing that Ms. Hanson will be unable or unwilling to testify in Massachusetts. *See Boateng*, 460 F. Supp. 2d at 276; *Shelton Bros., Inc. v. Aleph Wines Corp.*, 2014 WL 4656635, *10 (D. Mass. 2014); *EEOC v. Texas Roadhouse, Inc.*, 2012 WL 5894910, *2 (D. Mass. 2012); *Blu Homes, Inc. v. Kaufman*, 2011 WL 3290361, *10 (D. Mass. 2011); *UPromise, Inc. v. Angus*, 2014 WL 212598, *15 (D. Mass. 2014); *Sivert*, 2009 WL 3300031 at *4 (D. Mass. 2009). Innovo has not even attempted to make this showing.

### C. The Other Factors Do Not Weigh in Favor of Transfer to New Jersey Either.

Innovo further argues that the location of its records in New Jersey, the fact that Ms. Simes emailed the materials she created to New Jersey and Innovo used the materials in New Jersey, the law to be applied, and the two states' relative interests in the outcome of the case all weigh in favor of transfer of this action to New Jersey. These contentions lack merit.

Although Innovo's records are assertedly located in New Jersey, Ms. Simes's records are located in Springfield, Massachusetts. Simes Declaration, ¶ 5. This factor, therefore, does not favor either district and is, in any case, an unimportant factor, given the easy transmittability of documents. *See Boateng*, 460 F. Supp. 2d at 276; *Sivert*, 2009 WL 3300031 at *4; *Blu Homes,*

6

*Inc.*, 2011 WL 3290362 at *10; *EEOC v. Texas Roadhouse, Inc.*, 2012 WL 5894910, *3 (D.Mass. 2012); *Gemini Investors, Inc.*, 542 F. Supp. 2d at 127.

Ms. Simes does not agree that M.G.L. c. 93A will not apply in this case or that the common law to be applied will be that of New Jersey. Even if the law to be applied in this case is solely that of New Jersey, that is hardly an impediment to the case being tried in Massachusetts. *See Sivert,* 2009 WL 3300031 at *5 (D. Mass. 2009). The possibility that foreign law will apply "is not sufficient to overcome the presumption in favor of plaintiff's chosen forum … [T]he task of deciding foreign law is a chore federal courts must often perform"), quoting *Nowak v. Tak How Inv.*, 94 F.3d 708, 720-21 (1st Cir. 1996).

Moreover, it is simply untrue that "the locus of the instant dispute clearly is in New Jersey" or that "Massachusetts has no compelling interest in the outcome of this case." Innovo Memo., pp. 6-7. Innovo contacted Ms. Simes in Massachusetts, entered into a contract with Ms. Simes, a resident of Massachusetts, for the creation in Massachusetts of training workshops, and sent a duplicitous and threatening letter to Ms. Simes in Massachusetts in response to her good faith demand for payment. These facts establish a connection to Massachusetts. Moreover, Innovo's failure to pay for considerable amounts of work completed for Innovo is felt here in Massachusetts. Massachusetts has a compelling interest in providing a forum for redress of a resident's injury by an out-of-state actor. *See Boateng,* 460 F. Supp. 2d at 277 ("Massachusetts also 'has a substantive social policy of protecting its citizens and providing a forum for redress of grievances'"), quoting *Nowak v. Tak How Inv., Ltd.*, 899 F.Supp. 25, 34 (D. Mass. 1995); *Siver*, 2009 WL 3300031 at *6.

### III. Conclusion

For all the foregoing reasons, the plaintiff Ellen Simes respectfully requests that this Honorable Court deny the Motion to Transfer Venue of defendant Defendant Drug Stores II LLC d/b/a Innovo Specialty Compounding Solutions.

Date: March 13, 2015                                   The Plaintiff
                                                       ELLEN SIMES
                                                       By Her Attorneys

                                                       */s/ Jennifer K. Cannon*
                                                       Francis D. Dibble, BBO No. 123220
                                                       Jennifer Cannon; BBO No. 664431
                                                       Bulkley, Richardson and Gelinas, LLP
                                                       1500 Main Street – Suite 2700
                                                       Springfield, MA 01115
                                                       Tel: (413) 272-6278
                                                       Fax: (413) 272-6803

### CERTIFICATE OF SERVICE

I, Jennifer K. Cannon, certify that this document filed with the ECF System will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

                                                       */s/ Jennifer K. Cannon*