UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ELLEN SIMES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 14-cv-30215-MGM |
| ) | |
| DRUG STORES II LLC d/b/a ) | |
| INNOVO SPECIALTY COMPOUNDING ) | |
| SOLUTIONS, ) | |
| ) | |
| Defendant. ) | |

REPORT AND RECOMMENDATION REGARDING
DEFENDANT'S MOTION TO TRANSFER VENUE
(Docket No. 13)

ROBERTSON, U.S.M.J.

This action arises out of an alleged contract between Ellen Simes ("Plaintiff") and Drug Stores II, LLC d/b/a Innovo Specialty Compounding Solutions ("Defendant") for the creation of sales training workshops for Defendant. Plaintiff alleges Defendant breached the contract when it failed to pay her for services rendered (Dkt. No. 1-1 at 12, ¶¶ 94-96). She also asserts claims of quantum meruit/unjust enrichment, promissory estoppel, and unfair and deceptive trade practices in violation of M.G.L. c. 93A (Dkt. No. 1-1 at 12-13, ¶¶ 97-108). On November 26, 2014, Plaintiff filed this action in the Superior Court of Massachusetts, Hampden County (Dkt. No. 17 at 1) seeking over $400,000 in damages. On December 23, 2014, Defendant removed this action to this court (Dkt. No. 1).

On February 27, 2015, Defendant filed a Motion to Transfer Venue (Dkt No. 13), which was referred to this court for report and recommendation (Dkt No. 23). *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Defendant seeks to transfer this case to the District of New Jersey, pursuant to 28 U.S.C. § 1404(a), on the basis that litigating this matter in Massachusetts

would cause Defendant and the majority of witnesses substantial hardship (Dkt. No. 14 at 6). Plaintiff opposes the motion on the ground that Defendant has not met its burden of overcoming the strong presumption in favor of her choice of forum (Dkt. No. 17 at 1). A hearing on the instant motion was held before the undersigned on April 21, 2015. After oral argument and for the following reasons, this court recommends that Defendant's motion to transfer be denied.

I. DISCUSSION

There is no dispute that Plaintiff could have filed this action in New Jersey. *See* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ."). Defendant is a citizen of New Jersey, as it is a limited liability company whose members are all citizens of the State of New Jersey (Dkt. No. 1, ¶ 5), *see D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 125 (1st Cir. 2011) (for purposes of diversity jurisdiction, "the citizenship of a limited liability company is determined by the citizenship of all of its members"), and Plaintiff is a resident of Massachusetts (Dkt. No. 1-1 at 2, ¶ 2). Accordingly, the U.S. District Court for the District of New Jersey would have diversity jurisdiction over this matter and be a proper venue for this case. *See* 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,00, exclusive of interest and costs, and is between – citizens of different States."); 28 U.S.C. § 1391(c)(2) (a defendant limited liability company resides for purposes of venue "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question"); 28 U.S.C. § 1391(b)(1).

The issue before the court is whether transfer to New Jersey is appropriate, which it would be only if it would promote "the convenience of the parties and witnesses" and serve "the interest of justice." 28 U.S.C. § 1404(a). According to Defendant, Plaintiff's choice of forum should receive minimal deference because the matter involves a New Jersey company; all key events occurred in or were directed toward New Jersey; the majority of witnesses reside in New Jersey; and the company for which Plaintiff performed work has insignificant ties with Massachusetts (Dkt. No. 14 at 9-10). Defendant also asserts that the District of New Jersey is a more convenient forum because New Jersey has a substantial interest in the outcome of the case, and costs, as well as the burden of compelling the testimony of witnesses located in New Jersey, "would be greatly exacerbated if this matter were to proceed in Massachusetts" (Dkt. No. 14 at 11). Plaintiff disputes each of these points, arguing that in addition to the factor of her choice of forum, which is entitled to great weight, Defendant's purported inconvenience does not outweigh her own inconvenience and the expense she would incur if ordered to litigate in New Jersey; Defendant has not shown inconvenience to a majority of potential witnesses if this case remains in this forum; and the other factors cited by Defendant do not warrant transfer to New Jersey.

"While the decision to transfer a case under § 1404 lies solely within the discretion of the trial court, there is a presumption in favor of the plaintiff's choice of forum." *CardiAQ Valve Techs., Inc. v. Neovasc, Inc.*, 52 F. Supp. 3d 313, 315 (D. Mass. 2014) (citing *Momenta Pharm., Inc. v. Amphastar Pharm., Inc.*, 841 F. Supp. 2d 514, 522 (D. Mass. 2012)); *see, e.g.*, *Coady v. Ashcraft & Gerel*, 223 F.3d 1, 11 (1st Cir. 2000) ("there is a strong presumption in favor of the plaintiff's choice of forum"); *Natale v. The Espy Corp.*, 2 F. Supp. 3d 93, 107 (D. Mass. 2014) ("plaintiff's choice of forum is accorded significant deference"); *Princess House, Inc. v. Lindsey*, 136 F.R.D. 16, 18 (D. Mass. 1991) ("A presumption in favor of plaintiff's choice of forum exists

. . . ."). "'[U]nless the balance is strongly in favor of defendant, a plaintiff's choice of forum should rarely be disturbed.'" *CardiAQ Valve Techs., Ind.*, 52 F. Supp. 3d at 315 (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)). As the party seeking transfer, the defendant bears the burden of demonstrating that transfer is warranted. *See Astro-Med Inc. v. Nihon Kohden Am., Inc.*, 591 F.3d 1, 13 (1st Cir. 2009); *Coady*, 223 F.3d at 11; *Princess House, Inc.*, 136 F.R.D. at 18. In addition to the plaintiff's choice of forum, other factors to consider in determining whether transfer is appropriate include the convenience of the parties and witnesses, the location and availability of documents, any connection between the forum and the issues, the law to be applied, and the interests at stake. *See Natale*, 2 F. Supp. 3d at 107 (citing *Cianbro Corp. v. Curran-Lavoie, Inc.*, 814 F.2d 7, 11 (1st Cir. 1987)); *Momenta Pharm.*, 841 F. Supp. 2d at 522.

In support of its motion, Defendant asserts that the "locus of the instant dispute clearly is in New Jersey," noting that Plaintiff transmitted documents and materials to its headquarters in New Jersey, which were received and used in New Jersey (Dkt. No. 14 at 10). Therefore, Defendant continues, the operative facts are focused in New Jersey, and Plaintiff's choice of forum is entitled to less weight (*id.*). Although Defendant views these actions as directed toward the State of New Jersey, they could just as easily be deemed actions arising out of and focused in the Commonwealth of Massachusetts, particularly in light of Plaintiff's allegations that she was contacted by Defendant in Massachusetts, entered into the contract at issue in Massachusetts, and created the workshops in Massachusetts (Dkt. No. 17 at 7). These allegations not only suggest that Defendant directed its conduct toward Massachusetts but also that key events occurred in the Commonwealth. Therefore, the court is not persuaded that the operative facts in this case are primarily focused in, or have a predominant connection with, the State of New Jersey. *Contrast*

*Princess House, Inc.*, 136 F.R.D. at 23 (transferring case from Massachusetts to Missouri where "[a]ll of the alleged wrongful acts would have had to occur in Missouri and the neighboring states," including a "series of meetings at which the [defendants] allegedly improperly recruited other [of plaintiff's] independent contractors"). To the extent Defendant contends that the availability of documents favors transfer to New Jersey, "[g]iven the mobility of these documents . . ., this court does not find this factor significant in its determination of whether to transfer this case." *Princess House, Inc.*, 136 F.R.D. at 21 (citing *Norman v. Brown, Todd & Heyburn,* 693 F. Supp. 1259, 1262 (D. Mass. 1988); *B.J. McAdams, Inc. v. Boggs,* 426 F. Supp. 1091, 1104 (E.D. Pa. 1977)).

      The court is also unpersuaded by Defendant's contention that "the vast majority of witnesses in this case are located in or near New Jersey." The location of witnesses may be "a point in favor of transferring venue." *Art Tech. Group, Inc. v. Puritan's Pride, Inc.*, 716 F. Supp. 2d 93, 106 (D. Mass. 2010); *see Princess House, Inc.*, 136 F.R.D. at 18 (the convenience of witnesses is "[p]robably the most important factor, and the factor most frequently mentioned"); *Kleinerman v. Luxtron Corp.*, 107 F. Supp. 2d 122, 125 (D. Mass. 2000) (the court has a preference for live testimony over testimony by deposition). Here, however, Defendant has not shown, as it contends, that the "vast majority" of witnesses are located in or near New Jersey. Three of Plaintiff's witnesses reside in Massachusetts, and Plaintiff is not in the position to assure their presence in New Jersey, whereas Defendant employees three of its four potential witnesses and can ensure their appearance in Massachusetts. *See Kleinerman*, 107 F. Supp. 2d at 125-126; *see also Boateng v. Gen. Dynamics Corp.*, 460 F. Supp. 2d 270, 276 (D. Mass. 2006) (defendant's employee witnesses "will presumably appear in Massachusetts at defendants' direction"). With respect to Defendant's former National Sales Director, who, according to

Defendant, is outside this court's subpoena power, Defendant has not shown that she is "unwilling or unable to appear in Massachusetts." *Boateng*, 460 F. Supp. 2d at 276; *see, e.g.*, *Shelton Brothers, Inc. v. Aleph Wines Corp.*, No. 3:13-cv-30180-MAP, 2014 WL 4656635, at *10 (D. Mass. July 21, 2014). Thus, this court finds that the convenience of Defendant's potential witnesses "is insufficient to outweigh the deference due to [P]laintiff's choice of forum, especially where, as here, a number of witnesses are based in Massachusetts." *Art Tech. Group, Inc.*, 716 F. Supp. 2d at 106. *Contrast Atari v. United Parcel Serv., Inc.*, 211 F. Supp. 2d 360, 365 (D. Mass. 2002) (where the plaintiff's potential witness list contained six medical professionals who treated the plaintiff in Massachusetts and would only testify on the issue of damages, it would inconvenience the much larger number of New Jersey witnesses testifying both on the question of the defendant's liability and other key issues to retain the case in Massachusetts).

With respect to the convenience of the parties, of course it would be more convenient for Defendant to litigate this case in New Jersey, which would presumably minimize any disruption to its business. *See Kelinerman*, 107 F. Supp. 2d at 125. It would, however, be equally, if not more, burdensome for Plaintiff to litigate this matter in New Jersey. She is self-employed and lives and works in Massachusetts and would bear the financial burden of, *inter alia*, transportation for herself and her witnesses to and from New Jersey. *See id.*; *Natale*, 2 F. Supp. 3d at 107. "Because there is a presumption in favor of plaintiff's choice, transfer is not appropriate where its effect is merely to shift the inconvenience from one party to the other." *Kleinerman*, 107 F. Supp. 2d at 125; *see Princess House, Inc.*, 136 F.R.D. at 21; *Brant Point Corp. v. Poetzsch*, 671 F. Supp. 2, 3 (D. Mass. 1987). Moreover, "there is a qualitative component to the balance of convenience which must focus on the comparative financial abilities

of the parties and the cost of litigation should be borne by the party in the best position to absorb and spread it." *Kleinerman*, 107 F. Supp. 2d at 125.  Defendant - a limited liability company with approximately seventy-two employees, thirteen of whom are located in six different states - is that party here.  In this regard, the undersigned finds particularly persuasive a recent ruling by this court (Ponsor, J.) denying a motion to transfer venue in a case where the defendants made precisely the same arguments for transfer of venue that Defendant makes here.  *See Natale*, 2 F. Supp. 3d at 107.  In *Natale*, most of the individual defendants were residents of Texas, the key evidence was likely located in Texas, and Texas law governed the common law claims.  *Id.*  Most, if not all, of the relevant meetings and actions complained of occurred in Texas.  *See id.*  Nonetheless, the court denied the motion to transfer venue, stating "[t]hough it would be more convenient for Defendants to move the case, that incidental benefit is significantly outweighed by the inconvenience the transfer would create for Plaintiff.  That fact alone strongly militates against transferring venue."  *Id.*  The same is true here.

Finally, the facts of this case are distinguishable from those in *Atari v. United Parcel Serv., Inc.*, a case relied on by Defendant in support of its claim that New Jersey has a substantial interest in the outcome of this matter (Dkt. No. 14 at 11).  In *Atari*, the plaintiff was an employee of a security company and as part of a contract between his employer and United Parcel Service, Inc. ("UPS"), he was sent to work at a UPS facility in Mahwah, New Jersey.  *Atari*, 211 F. Supp. 2d at 361.  There, the plaintiff, who was of Palestinian descent, was attacked by an unknown assailant on September 11, 2001, and allegedly suffered a traumatic brain injury.  *Id.*  The Magistrate Judge found that "[g]iven the reprehensible nature of the alleged incident," New Jersey had "a clear interest in trying and resolving the case in a local forum, and fairness suggest[ed] that jury duty should fall on New Jersey citizens."  *Id.* at 365.  The judge further

stated, "[t]he fact that the incident that lies at the heart of Atari's civil action occurred in New Jersey lends additional support to this decision." *Id.* Here, as Plaintiff points out, "Massachusetts [ ] has a substantive social policy of protecting its citizens and providing a forum for redress of grievances." *Boateng*, 460 F. Supp. 2d at 277.

Accordingly, Defendant has not met its burden of showing that a transfer of venue is appropriate, and this court recommends retaining the matter.

II. CONCLUSION

For the reasons stated, it is this court's recommendation that Defendant's Motion to Transfer Venue be DENIED.[1]

DATED: May 19, 2015

/s/ Katherine A. Robertson
KATHERINE A. ROBERTSON
United States Magistrate Judge

---

[1] The parties are advised that under the provisions of Fed. R. Civ. P. 72(b) or Fed. R. Crim. P. 59(b), any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court **within fourteen (14) days** of the party's receipt of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-79 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980). *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.